UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WINCHESTER GLOBAL TRUST
COMPANY LIMITED, as Present
Trustee of the Panda Trust,

     Plaintiff,

v.                                Case No.:  2:22-cv-189-JES-KCD

DARREN NEIL MASTERS, SN-
SCP, LLC, CW FINANCIAL
CONSULTING LLC, GRANITE
INVESTMENTS GLOBAL US,
LLC, RENAISSANCE
CONSULTING FL, LLC,
RENAISSANCE CONSULTING,
LLC, and STEVEN LIKOS,

     Defendants.

_____/

**ORDER**[1]

In this action related to fraud, Plaintiff seeks to recover a sum certain of

$4,686,740.17 in funds misappropriated by Darren Neil Masters, Steven Likos,

and their companies. (Doc. 1.) The Clerk has already found Defendants

Masters, SN-SCP LLP, CW Financial Consulting LLC, and Granite

Investments Global US LLC ("Defendants") in default. (Docs. 43, 44, 45, 46.)

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Before the Court is Plaintiff's Motion for Default Judgment against Defendants. (Doc. 66.) The motion includes a declaration from a company advisor, Christopher Reid, supporting the complaint allegations. (Doc. 66-1.) No response has been filed and the time to do so has passed.

"When a defendant has failed to plead or defend, a district court may enter judgment by default." Fed. R. Civ. P. 55(b)(2). Because of our "strong policy of determining cases on their merits, however, default judgments are generally disfavored." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244-45 (11th Cir. 2015).[2] A default judgment is warranted only when there is a sufficient basis in the pleadings for judgment to be entered. *Id.* at 1245.

Before entering default judgment, a district court must ensure it has subject-matter jurisdiction. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Plaintiff's complaint alleges diversity. (Doc. 1.) For diversity jurisdiction to apply, a plaintiff must allege facts supporting "complete diversity; every plaintiff must be diverse from every defendant." *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). If there is any deficiency in subject-matter jurisdiction, the court is constitutionally obligated to dismiss the action. *Id.* at 1269. The party seeking federal jurisdiction must prove, by a

---

[2] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

preponderance of the evidence, facts supporting the exercise of jurisdiction. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

Plaintiff does not adequately plead diversity as to the defendants against whom they seek default in two ways.

First, the complaint alleges that Darren Neil Masters resides in Collier County, Florida; and Steven Likos resides in Palm Beach County, Florida. But citizenship, for jurisdictional purposes, is the equivalent of one's domicile, not one's residence. *McCormick*, 293 F.3d at 1257. "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id. at 1257-58*.

Second, according to the complaint, SN-SCP LLC is a Florida limited liability company with its principal place of business in Naples, Florida. But the citizenship of a limited liability company, for diversity jurisdiction, is the citizenship of its members. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). The complaint alleges that Masters is the managing member of SN-SCP LLC and "exerts complete control" over the company, but does not say whether there are any other members of the LLC. Similarly, Plaintiff alleges that CW Financial Consulting LLC and Granite Investments Global US LLC are Florida limited liability companies with their principal places of business in Naples, Florida, and that

Masters is a "member and manager of both companies" (Doc. 1 at 8), but does not say whether there are any other members of the LLCs.

The same jurisdictional problems exist for the remaining two LLC defendants who have appeared. Plaintiff alleges: Renaissance Consulting FL LLC is a Florida limited liability company, with its principal place of business located in Miami-Dade County, Florida; and Renaissance Consulting LLC is a Pennsylvania limited liability company, with its principal place of business located in Delaware County, Pennsylvania. Defendant Steven Likos is either a managing principal or manager of both LLCs and "exerts complete control" over them, but Plaintiff does not say whether there are any other members of the LLCs.

Plaintiff may cure these pleading deficiencies by filing an amended complaint.[3]

Before default judgment can be entered, Plaintiff must show this Court has diversity jurisdiction. Without it, the Court is powerless to enter judgment. Thus, the Motion for Default Judgment will be denied. Plaintiff may file an amended complaint. If Plaintiff does not amend, the undersigned will recommend this matter be dismissed for lack of subject-matter jurisdiction.

---

[3] Defendants were not provided notice of the application for default. *See* Doc. 66 at 21 (certificate of service); Fed. R. Civ. P. 55(b)(2). Any renewed application should be sent to Defendants.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Default Judgment (Doc. 66) is **DENIED without prejudice.**

2. Plaintiff may file an amended complaint by **August 15, 2022**.

   **DONE** and **ORDERED** in Fort Myers, Florida on July 25, 2022.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record